IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64, 807-01






EX PARTE WESLEY EARL BURCH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NO. 16,980 IN THE 411th JUDICIAL DISTRICT COURT 

POLK COUNTY




 Per Curiam.


 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant was convicted of possession of a controlled substance, and punishment was
assessed at fifty years confinement. Applicant's conviction was affirmed on appeal. Burch
v. State No. 09-03-574-CR (Tex. App. --Beaumont, delivered, August 31, 2004, no pet..).

 Applicant contends, inter alia, that he was deprived of his right to file a pro se petition
for discretionary review due to the ineffective assistance of his appellate counsel. 
Specifically, the Applicant contends that counsel did not timely advise him of the appellate
court's decision, or of his right to pursue discretionary review on his own.

 The trial court has entered an order recommending that relief be denied. However,
the trial court's order does not directly address the Applicant's claim. Applicant has stated
facts requiring resolution. Because this Court cannot hear evidence, it is necessary for the
matter to be remanded to the trial court for resolution. This trial court shall resolve the
factual issues as set out in Tex. Code Crim. Proc. art 11.07, § 3 (d), in that it shall order
affidavits from counsel, or it may hold a hearing. In the appropriate case, the trial court may
rely on personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether the Applicant was deprived of his right to file a pro se petition for discretionary
review due to the ineffective assistance of his appellate counsel. The trial court shall also
make any further findings of fact and conclusions of law it deems relevant and appropriate
to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex.Crim.App. 1960), this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. The
trial court shall resolve the issues presented within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits, the transcription of the court reporter's notes
from any interrogatories or hearings held, along with the trial court's findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 13th day of September, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.